UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Johnny L. Bradley, et al.

    v.                                          Case No. 07-mc-001-JM

Cooper Tire & Rubber Company, and
Ford Motor Company

**O R D E R**

Defendant Cooper Tire & Rubber Company ("Cooper Tire") moves to quash plaintiffs' subpoenas directed to Dr. Christopher G. Shapley who, from August 15, 2006 until December 15, 2006, was a designated expert of Cooper Tire.

Background

Dr. Shapley was designated by Cooper Tire on August 15th. Prior to that he had been deposed as a fact expert in connection with a claim of spoilation of the tire in question in the accident. He stated that he never saw the tire. Also on August 15th a copy of his report was produced. On August 16th he was offered up for a deposition on September 29th. Plaintiffs accepted the offer and noticed Shapley's deposition for September 29. By letter of September 22, 2006 Attorney Richard H. Monk III of Bradley Arant Rose & White LLP, counsel to Cooper Tire,

reneged on his agreement to have Shapley deposed on the 29th. In fact, neither Bradley Arant lawyers nor Shapley appeared on September 29, 2006.

Plaintiffs' counsel alleges that Monk, to avoid a sanctions hearing, then proposed dates in early December. Still later he withdrew the proffered December dates and, by letter of November 17, 2006, offered a Shapley deposition on January 5, 9, or 12, 2007. On November 29th plaintiffs' counsel issued deposition notices for January 12th. On December 15th Cooper Tire filed an amended expert designation omitting Dr. Shapley as a testifying expert. Cooper Tire, presumably through its counsel, informed plaintiffs that Dr. Shapley would not be produced because he was now a "consulting expert". Plaintiffs then subpoenaed Dr. Shapley for deposition on the 12th. Cooper Tire, joined by Ford, move to quash the subpoena. Plaintiffs' counsel says he cross-designated Shapley but no such designation appears on the designation of experts he attached as an exhibit to his objection.

Discussion[1]

Federal Rules of Civil Procedure 26(b)(4)(H) permits a party to depose "any person who has been identified as an expert whose opinions may be presented at trial."  On the other hand, a deposition of consulting expert is permitted "only as provided in Rule 35(b) or upon a showing of exceptional circumstances."  Fed. R. Civ. P. 26(b)(4)(B).  The purpose of Rule 26(b)(4)(A) is to permit for preparation for cross-examination at trial.  Shu-Tao Lin v. McDonnell Douglas Corp., 742 F.2d 45, 48 n.3 (2d Cir. 1984).  The purpose of Rule 26(b)(4)(B) is to preclude "unreasonable access to an opposing party's diligent trial preparation."  Durflinger v. Artiles, 727 F.2d 888, 891 (10th Cir. 1984).  In other words, Rule 26(b)(4)(B) is intended to protect the attorney's work product.

The principal question is whether Rule 26(b)(4)(A) or (B) applies.  On this question there is a split authority.  A leading treatise states:

> Once a party has designated an expert witness as someone who will testify at trial,

---

[1] While Bradley Arant appears to have breached two "attorneys agreements" such agreements are enforceable under New Hampshire law only as to attorneys practicing here.  As a consequence, this motion cannot be decided on the basis of the enforcement of attorneys' agreements.

3

>the later withdrawal of that designation may
>neither prevent the deposition of that
>witness by the opposing party nor the
>expert's testimony at trial.  Furthermore, if
>a party is deemed to have waived the
>privilege as to documents provided to its
>named expert, that party may not avoid
>production of those documents under Rule
>26(b)(4)(A) by later changing the designation
>of that expert from "testifying" to "non-
>testifying" expert.

6 Moore's Federal Practice § 26.80[1][a](3d ed.) Professor Moore cites to House v. Combined Ins. Co. of America, 168 F.R.D. 238 (N.D.Iowa 1996) and CP Kelco U.S. Inc. v. Pharmacia Corp., 213 F.R.D. 176 (D.Del. 2003).  Other cases also support this view.  See Ferguson v. Michael Foods, Inc., 189 F.R.D. 408 (D. Minn. 1999); Rubel v. Eli Lilly and Co., 160 F.R.D. 458, 460 (S.D.N.Y. 1995).

The contrary line of authority provides that a party may prohibit discovery from a consulting witness after his designation as an expert is withdrawn.  See Callaway Golf Co. v. Dunlop Slazenger Group Americas, 2002 WL 1906628 (D.Del. Aug. 14, 2002) (collecting case law); FMC Corp. v. Vendo Co., 196 F. Supp.2d 1023, 1041-047 (E.D.Cal. 2002); Ross v. Burlington Northern R. Co, 136 F.R.D. 638, 638-39 (N.D.Ill. 1991); Netjumper Software, L.L.C. v. Google, Inc., 2005 WL 3046271 (S.D.N.Y. Nov.

10, 2005).

    Understanding that I do not have time to write an extensive opinion before counsel must board planes for New Hampshire, I will nevertheless briefly set forth the rationale for my decision to deny the motion to quash.

    To suggest that Cooper Tire is or needs to consult with Mr. Shapley confidentially at this time is a charade.  Shapley's written opinion has been produced.  He has been deposed as a fact witness and has given a statement.  His opinion is offensive not defensive vis-a-vis Cooper Tire; that is, he has opined that the Ford Ranger is defective.  He has no opinion on the tire.  Cooper Tire is not prejudiced in any way.  Furthermore, the change in designation at the last minute comes afer two cancellations by Cooper Tire of agreed upon depositions.  Under the facts of this case I find the <u>House</u> analysis persuasive.  Fairness requires the deposition go forward and there is no prejudice.  Ford's motion for joinder (document no. 2) is granted.

Cooper Tire's motion to reply (document no. 6) is granted.

The Motion to Quash (document no. 1) is denied.[2]

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 11, 2007

cc:   Adam A. Larson, Esq.
      Jeffrey B. Osburn, Esq.
      James C. Wheat, Esq.
      Skip Edward Lynch, Esq.

---

[2]Nothing in this order is intended to indicate any view of the admissibility of Dr. Shapley's testimony under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1998) and its progeny.